IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Criminal No. 23-390-1 |
| JONATHAN ABREU, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

AND NOW, this 12th day of December 2023, upon consideration of Defendant's Motion to Dismiss Indictment (ECF No. 12), and all papers submitted in support thereof and in opposition thereto, it is hereby **ORDERED** that such Motion is **DENIED**.[1]

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

[1] Defendant Jonathan Abreu was charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) on September 6th, 2023. (ECF No. 1.) Section 922(g)(1) prevents those convicted of a crime punishable by a term of imprisonment exceeding one year from possessing a firearm. The convictions underlying the application of Section 922(g)(1) to Mr. Abreu include convictions for possession with intent to distribute narcotics, selling crack-cocaine, robbery that inflicts or threatens another with bodily injury, and witness intimidation, among others. (ECF No. 17, p. 3-4.) Mr. Abreu was evading a valid arrest warrant from 2020, when he was arrested for unlawfully possessing a firearm. (ECF No. 9, p. 1.)

Mr. Abreu's Motion to Dismiss Indictment rests on *New York State Rifle & Pistol Association v. Bruen*, requiring that firearms regulations be traceable to a historical tradition of analogous regulations, and the Third Circuit's recent decision in *Range v. Attorney General*. 142 S. Ct. 2111, 2126 (2022); 69 F. 4th 96 (3d Cir. 2023). The Third Circuit in *Range* found that barring Plaintiff Bryan Range from possessing a firearm due to a past conviction for filing false statements to obtain food stamps was a violation of his Second Amendment rights. 69 F.4th. This was a narrow decision, meant to apply only to "people like Range." *Id.* at 106.

It is clear that Mr. Abreu is not like Mr. Range. The crimes underlying Section 922(g)(1)'s application to Mr. Abreu presented a great danger to the community and are thus markedly dissimilar to making false statements. The Supreme Court has already opined on the inherent dangerousness of drugs and firearm possession, and this Court certainly agrees. *Smith v. United States*, 508 U.S. 223, 240 (1993). To read the *Range* decision to prohibit the

disarmament of dangerous and repeat offenders would be antithetical to the Third Circuit's direction that the decision be applied narrowly. *See Gall v. United States*, 552 U.S. 38, 48 (2007) (explaining that supervised release is a custodial component of a criminal sentence involving restrictions on liberty). The Court cannot find Mr. Abreu's situation similar to that of the *Range* Plaintiff. For these reasons, the Court will deny Defendant's Motion to Dismiss Indictment.